## UNITED STATES of America, Plaintiff–Appellee,

v.

## Juan Alfonso VALDEZ–GOMEZ, Defendant–Appellant.

### No. 01–4044.

United States Court of Appeals, Tenth Circuit.

Aug. 9, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT [*]

LUCERO, Circuit Judge.

Petitioner Juan Alfonso Valdez–Gomez appears before this Court pro se seeking a certificate of appealability ("COA"), 28 U.S.C. § 2253(c), to challenge the district court's dismissal of his petition for a writ of habeas corpus.

On January 12, 2000, petitioner pleaded guilty to a violation of 8 U.S.C. § 1326,

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

illegal reentry of a deported alien, and was sentenced to forty-six months imprisonment to be followed by a term of three years supervised release. In his plea, petitioner waived his right to appeal but reserved his right to collaterally attack his sentence for ineffective assistance of counsel. Pursuant to his reservation of the right to collaterally attack his sentence, petitioner filed his 28 U.S.C. § 2255 motion with the district court for the district of Utah. Before this Court, petitioner argues that his counsel was ineffective because he did not argue for sentencing reductions based on his status as a deportable alien or on his willingness to accept deportation.

■ In order to establish his claim of ineffective assistance of counsel in violation of the Sixth Amendment, petitioner must demonstrate both that his counsel's performance fell below an objective standard of reasonableness and that his counsel's substandard performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prejudice prong of the *Strickland* test requires petitioner to demonstrate "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. This, in turn, requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

■ We concur fully in the district court's reasoning and conclusion that petitioner was not prejudiced by his counsel's failure to argue for certain downward sentencing departures.[1] Assuming it was

within the sentencing court's discretion to depart downward from the sentencing guidelines based on petitioner's status as an illegal alien, we can not conclude there was "a reasonable probability that . . . the result of the proceeding would have been different," *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052, if petitioner's counsel had argued for a downward departure based on an essential element of the crime charged, i.e., petitioner's status as a deportable alien, 8 U.S.C. § 1326(a). Similarly, petitioner's argument regarding counsel's failure to inform the trial court of his willingness to be deported falls short of calling into question the fairness or reliability of the district court's sentencing determination because the pre-sentence report expressly stated petitioner "w[ould] not contest any . . . deportation proceedings." (II R. at 1.)

We conclude petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The application for COA is **DENIED,** and the matter is **DISMISSED.**

The mandate shall issue forthwith.

---

1. We therefore need not reach the ineffectiveness prong of *Strickland. See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").